J-S07035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELISSA J. LANDIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWIGHT K. LANDIS | : | |
| | : | |
| Appellant | : | No. 1165 MDA 2018 |

Appeal from the Order Entered June 12, 2018
In the Court of Common Pleas of Lancaster County Domestic Relations at
No(s):  2014-01795,
PACSES No.:  761114743

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                **FILED FEBRUARY 27, 2019**

Dwight K. Landis (Father) appeals from the order entered by the Lancaster County Court of Common Pleas (trial court) denying his petition for modification of existing child support obligations. We affirm.

Father and his former wife, Melissa J. Landis (Mother), have one son together, C.L., who was born with cerebral palsy and autism.  In 2014, Mother filed for child support from Father.  At the time, C.L. still lived with Mother and was in his mid-20s.  The trial court determined C.L. was not an emancipated child and ordered Father to pay $450 a month for support.  A few months later, C.L. moved into his own apartment but still required daily help from an autism services provider.

In 2018, Father filed a petition for modification requesting a decrease in his support obligation to C.L., now 29 years old.  At the support hearing,

_____
*   Retired Senior Judge assigned to the Superior Court.

Mother testified that C.L. still needs support. Mother continues to manage C.L.'s finances and support services, is the payee representative for his social security benefits and pays his bills and balances his checkbook.

C.L.'s income consisted of $772 a month in combined Social Security and state benefits and $50 a month received for work performed at vocational training. C.L.'s benefits were deposited into a bank account that automatically paid his apartment's rent ($700 a month) and electric bill (about $90 a month). His expenses are slightly more than $1,600 per month annually, including apartment rent, utilities and cell phone. C.L. also had a separate special needs trust account that was used to pay his remaining expenses. At the time of the hearing, that account had a balance of over $10,000.

Finding that C.L. continues to be disabled and is unable to support himself, that he is unable to live with a roommate or in a group setting, and that his expenses were reasonable, the trial court dismissed Father's petition for modification. As a result, the court 's original support order remained in effect. Father then filed this appeal.[1]

_____

[1] Our standard of review for child support matters is well-settled:

> Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality,

Father first claims that the trial court should have terminated his support obligation because C.L. is an emancipated child capable of supporting himself.[2] When addressing support issues related to emancipation of adult children, this Court has explained:

> [W]e recognize that as a general rule, the duty to support a child ends when the child turns eighteen or graduates from high school. However, pursuant to 23 Pa.C.S. § 4321(3), a parent may be required to support a child who, upon reaching the age of majority, has a mental or physical condition that prevents the child from being self-supporting. To determine if an order of support is appropriate, the test is whether the child is physically and mentally able to engage in profitable employment and whether employment is available to that child at a supporting wage.

**Kotzbauer v. Kotzbauer**, 937 A.2d 487, 489-90 (Pa. Super. 2007) (citation and quotation omitted).

The evidence at the hearing supported the trial judge's conclusion that C.L. cannot obtain gainful employment.  C.L. still attends vocational training

---

prejudice, bias or ill-will, as shown by the evidence of record.  The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

**R.K.J. v. S.P.K.**, 77 A.3d 33, 37 (Pa. Super. 2013) (citations and quotation marks omitted).

[2] In his petition for modification, Father did not seek termination based on emancipation.  Nor did Father move for termination at the support hearing, arguing instead only for a decrease in his monthly support.  Because Father raised this issue for the first time in his Pa.R.A.P. 1925(b) statement, it is waived.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Morgan v. Morgan**, 117 A.3d 757, 762 (Pa. Super. 2015) (issue waived in child support appeal where raised for first time in Rule 1925(b) statement).

and receives a nominal salary of approximately $50 a month for his work. Although he lives by himself, C.L. still needs someone from an autism services provider to help him every day with his daily tasks because his autism requires that he live alone as opposed to group living or having a roommate.

Not disputing any of the above, Father contends that C.L. should be considered emancipated if C.L. lived more modestly because he could support himself on the income he receives. Father contends that C.L. has the ability to be self-supporting based solely on his social security disability payments but provided no support for that proposition, and the trial court properly found that amount was insufficient to support C.L.'s needs. Moreover, as the trial court found, C.L.'s aforesaid expenses were reasonable and necessary and there was no evidence to the contrary. Based on all this, we discern no abuse of discretion if the trial court had found C.L. was not an emancipated child.

Father next claims that the trial court erred in calculating Mother's earning capacity. In 2017, Mother left her job as the business manager of an architectural firm and took on a lower-paying job. According to Father, the trial court should have held Mother to the same earning capacity before she voluntarily left her previous job. Mother, however, did not seek an increase in Father's support payments. When it dismissed Father's petition for modification, the trial court kept in place the original support order calculated using Mother's prior earnings. Because Father's support payments are still based on her previous higher salary, there is no basis for this argument.

In his final claim, Father contends that the trial court should have granted a downward deviation in his support payments based on the $10,000 surplus in the special needs trust account. This Court has limited when a child's assets can be considered as the basis for a downward deviation in a support order:

> A parent must discharge his support obligation to his minor child where he can reasonably do so, regardless of the child's assets. Where the parent's resources are lacking, the court may consider a child's assets if such expenditures would save the child from need or destitution and are in the child's interest. A parent may not evade his support obligation by depleting his child's own assets, unless the parent is genuinely unable to provide for the child's needs.

***Ricco v. Novitski***, 874 A.2d 75, 82 (Pa. Super. 2005).

Father presented no evidence at the support hearing that he cannot reasonably make his support payments. C.L.'s special needs trust account cannot be considered in determining whether a downward deviation would be proper. ***See id***. at 84 (holding that lower court erred by releasing father of his support obligation based on amount of funds available in special needs trust). The trial court did not abuse its discretion by declining to decrease Father's support payments based on the surplus in the special needs trust.

Order affirmed.

Judge McLaughlin joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/27/2019